UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH ALAN WHARTON,

                    Petitioner,                    Case No. 1:18-cv-10528
                                                    Hon. Thomas L. Ludington

v.

KEVIN LINDSEY,

                    Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS, AND (4) DENYING MOTION FOR IMMEDIATE TRANSFER**

      This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. Joseph Alan Wharton, ("Petitioner"), was convicted after a jury trial in the Calhoun Circuit Court of carrying a concealed weapon (CCW), MICH. COMP. LAWS § 750.227, third-degree home invasion, MICH. COMP. LAWS § 750.110a(4), MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony (felony firearm). MICH. COMP. LAWS § 750.227b. Petitioner was sentenced as a fourth time habitual felony offender to an aggregate term of 66 to 144 months imprisonment.

      The petition asserts four grounds for relief: (1) Petitioner was denied a hearing in the state court on his claim of ineffective assistance of trial counsel, (2) Petitioner's due process rights were violated by the repeated issuance and dismissal of the charges by the prosecutor, (3) Petitioner's Fourth Amendment rights were violated by his illegal arrest, and (4) the state district court failed to arraign Petitioner on three charges added during the preliminary examination.

# I.

The facts relied upon by the Michigan Court of Appeals are presumed correct pursuant to

28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009). The facts are as

follows:

> This case arises out of a prior domestic relationship between defendant and his ex-girlfriend (the victim). Before the couple broke up, they lived together at a house in Battle Creek. After the relationship ended, the victim continued to reside in the Battle Creek house—and changed the locks—while defendant moved elsewhere. The victim subsequently remained in contact with defendant, who would occasionally stay at the Battle Creek house. He also continued to store personal property there.

> In March 2014, defendant and the victim had an altercation of some sort, and defendant was arrested. The victim sought and was granted a personal protection order against defendant. Two days later, the victim woke to find defendant in her bedroom. She asked him to leave, but he refused. Eventually, defendant left the Battle Creek house on foot. Later that evening, the victim heard several gunshots fired "right out in front" of the house. She was certain that defendant fired the shots and knew that he customarily carried two .45–caliber handguns. The police were summoned and, during their investigation of the scene, discovered nine empty .45–caliber shell casings on the road in front of the victim's house. Suspecting that defendant was the shooter and might still be in the area, one of the responding officers began to patrol the nearby roadways. Defendant was located nearby and placed under arrest. When arrested, he was in possession of two .45–caliber handguns with extended magazines.

> Defendant was originally charged with CCW [carrying a concealed weapon], possession of a firearm by a felon, felony-firearm, and possession of a controlled substance less than 25 grams. The charges were subsequently dismissed without prejudice for reasons that are unclear from the record on appeal. The same thing occurred several times, with the prosecution issuing, dismissing, and then reissuing the charges against defendant. Eventually, another felony complaint was issued—the one associated with the instant case—in which defendant was charged with CCW, felony-firearm, and possession of a controlled substance less than 25 grams. The case proceeded to a preliminary examination. At that time, the prosecution added two additional charges: third-degree home invasion and possession of a firearm by a felon. It is unclear from the record whether defendant was ever arraigned on the added charges, but he was subsequently convicted of third-degree home invasion, felon in possession of a firearm, felony-firearm, and two counts of CCW.

Thereafter, defendant filed a motion for an evidentiary hearing or a new trial, arguing that he had been denied the right to effective assistance of counsel. While the body of defendant's motion did not specify how his trial counsel performed ineffectively, defendant's counsel attached a list prepared by defendant of 46 purported errors. Defendant submitted a pro se brief in support, arguing that his trial counsel performed ineffectively by failing to ensure that defendant was properly arraigned, failing to spend enough time with him, and refusing to submit all of his requests to the court at the preliminary examination and at trial. Specifically, defendant argued that his trial counsel was ineffective for refusing to object to "certain issues" at the preliminary examination, refusing to excuse a juror, and refusing to object to a line of questioning by the prosecution insinuating that defendant's mother would lie to protect him. Ultimately, the trial court denied defendant's motion for an evidentiary hearing, reasoning that "defendant's laundry list of alleged deficiencies by his trial counsel fails to provide any type of factual grounds to support his claim of ineffective assistance."

*People v. Wharton*, 2016 WL 3571049, at *1-2 (Mich. Ct. App. June 30, 2016).

After the trial court denied the post-judgment motion referred to above, Petitioner filed a direct appeal in the Michigan Court of Appeals. His appellate counsel filed a brief on appeal raising two claims:

I. The trial court erred when denying Defendant's motion for an evidentiary hearing and a new trial when an evidentiary hearing is necessary to show Defendant was denied the constitutional right to effective assistance of counsel as trial counsel failed to uphold the standards of the Sixth Amendment.

II. Continued prosecution of Defendant despite no new evidence amounts to a due process violation and prosecutorial harassment.

Petitioner also filed his own pro se supplemental brief that raised several additional claims in the Michigan Court of Appeals:

III. The district court erred for failure to arraign Defendant on the three counts added at the preliminary examination and the trial court erred for failure to arraign Defendant on the Information which amounts to a procedural due process violation and lack of jurisdiction.

IV. The trial court erred when denying Defendant motion to suppress evidence of an illegal seizure and subsequent search on basis of a Fourth Amendment violation of the United States Constitution and the parallel provision of the Michigan Constitution.

V. The trial court erred when denying Defendant request for an evidentiary hearing on his motion to suppress evidence of an illegal seizure and subsequent search.

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *Wharton*, 2016 WL 3571049. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims that he presented to the Michigan Court of Appeals. The Michigan Supreme Court denied the application for leave to appeal because it was not persuaded that the questions presented should be reviewed. *People v. Wharton*, 889 N.W.2d 485 (Mich. 2017) (Table).

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Federal courts must presume state courts' factual findings to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.

### A.

Petitioner's first claim asserts that the trial court erred when it failed to hold an evidentiary hearing on his numerous claims of ineffective assistance of trial counsel. Petitioner alleges that his

trial counsel: (1) failed to perform any pretrial investigation, (2) failed to consult with Petitioner,

(3) failed to call his mother as a defense witness at the preliminary examination, (4) failed to object

to the repeated dismissal and reissuance of the charges, (5) failed to ensure an arraignment was

held, (6) failed to make an argument with respect to the victim's admission that she did not see

Petitioner on the date of the offense, (7) failed to assert that the victim's testimony was coerced,

(8) failed to challenge the sufficiency of the evidence regarding the home invasion charge, (9)

colluded with the prosecutor and trial court to obtain a conviction, (10) failed to move for the

dismissal of a juror for cause who knew a police officer, and (11) failed to allow Petitioner to

challenge inaccuracies in the sentencing information report.

After reciting the controlling constitutional standard, the Michigan Court of Appeals

rejected Petitioner's claim on the merits as follows:

> On appeal, defendant argues that the trial court erred by denying his motion
> for an evidentiary hearing. However, defendant did not "set forth . . . facts that
> would require development of a record to determine if defense counsel was
> ineffective." See *id*. Defendant's motion for a new trial and his subsequent
> supplemental briefs did not explain any need for facts not on the record, nor did
> defendant provide any offers of proof of the facts to be established at a hearing. As
> such, the trial court did not abuse its discretion when it denied defendant's request.
> *See Unger*, 278 Mich. App. at 217.

> Moreover, defendant has not established that his trial counsel performed
> ineffectively. On appeal, defendant argues that his trial counsel was unable to
> handle the case and that, had defense counsel been prepared and had a chance to
> fully evaluate the case, defendant would not have been convicted. However,
> because defendant does not explain how his counsel was ineffective or why he
> believes his counsel was incapable, unprepared, or had not fully evaluated the case,
> defendant has failed to meet his burden of proving that defense counsel was
> incapable or unprepared in such a way as to render his performance constitutionally
> deficient. The only specific instance of ineffectiveness listed by defendant on
> appeal is that defense counsel should have filed a motion to dismiss based on due
> process and harassment grounds. There is nothing in the record to support
> defendant's claim in that regard. Although defendant attached some documents to
> his Standard 4 brief, such documents are not a part of the lower court record and
> therefore constitute an impermissible attempt to expand the record on appeal. *See*
> *People v. Powell*, 235 Mich. App. 557, 561 n. 4 (1999). Because defendant has

failed to establish the factual predicate for his claim, it necessarily fails. *See Hoag*, 460 Mich. at 6.

*Wharton*, 2016 WL 3571049, at *3.

With respect to Petitioner's primary argument that he was denied an evidentiary hearing to support his ineffective assistance of counsel claims, the decision of the Michigan Court of Appeals did not contravene clearly established federal law. There is no clearly established federal right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel. *Hayes v. Prelesnik*, 193 F. App'x. 577, 584-85 (6th Cir. 2006). Nor is Petitioner entitled to a hearing here. Review of Petitioner's claims is limited to the record considered by the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011).

With respect to Petitioner's substantive complaints regarding his trial attorney, claims of ineffective assistance of counsel are subject to the two-prong standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* asks: (1) whether counsel was deficient in representing the defendant; and (2) whether counsel's alleged deficiency prejudiced the defense so as to deprive the defendant of a fair trial. *See id.* at 687. To meet the first prong, a petitioner must establish that his attorney's representation "fell below an objective standard of reasonableness," and must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" *Id*. at 688, 689. The "prejudice" component of a *Strickland* claim "focuses on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Prejudice, under *Strickland*, requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner's allegations center on a list of things he claims his counsel missed, and by doing so he ignores his counsel's actual performance. "[J]ust as (or more) important as what the lawyer missed is what he did not miss. That is, [a Court should focus] on the adequacy or inadequacy of counsel's actual performance, not counsel's (hindsight) potential for improvement." *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998) (citing *Sims v. Livesay*, 970 F.2d 1575, 1580 (6th Cir. 1992)). While it is true defense counsel did not press every objection Petitioner wished for, there is a strong presumption that he did so for tactical reasons, rather than through sheer neglect. This presumption has particular force where an ineffective assistance of counsel claim is asserted by a federal habeas petitioner based solely on the trial record, where a reviewing court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." *See Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)). As indicated by the Michigan Court of Appeals and by the trial court in its order denying Petitioner a new trial, Petitioner has proffered no evidence to rebut the presumption that trial counsel's challenged omissions were anything other than the exercise of reasonably competent professional judgment. *See* Dkt. 9-9, Opinion and Order Denying Motion for New Trial, at 1; Page ID 30 ("The defendant's laundry list of alleged deficiencies by his trial counsel fails to provide any type of factual grounds to support his claim of ineffective assistance.").

Petitioner's individual claims of deficient performance lack merit. First, Petitioner's claim of inadequate pretrial investigation is unsupported by the record. The trial record shows that counsel was familiar with the facts of the case and Petitioner's defense that the witnesses and police fabricated the charges against him. Counsel's cross-examination of the prosecutor's witnesses reveals his familiarity with the facts of the case and Petitioner's defense. Petitioner states his counsel should have moved to withdraw, but the record shows that when Petitioner raised his

many complaints about his counsel on the eve of trial, the trial court denied the request for new counsel as untimely. Dkt. 9-4, at 3-20. Trial counsel was the fourth attorney to have represented Petitioner at that point. *Id.* at 4. The trial court made a factual finding that Petitioner was not "going to be satisfied with any attorney." *Id.* at 16. Similarly, Petitioner's claim that his counsel colluded with the prosecutor and trial court lacks any factual support.

Likewise, counsel did not perform deficiently by failing to call Petitioner's mother at the preliminary examination, a proceeding in which the prosecutor needed only demonstrate reasonable probability that Petitioner committed the crimes. Instead of affording the prosecutor an opportunity to cross-examine this witness before trial, counsel presented her at trial to support Petitioner's claim that she was at the victim's home on the night of the incident and did not see Petitioner, contrary to the victim's testimony. *See* Dkt. 9-5, at 89-99.

Petitioner asserts that his counsel did not object to the repeated dismissal and reissuance of the charges, but as explained below, there was no valid objection to make. Also as explained below, counsel was not ineffective for failing to make a meritless argument regarding the failure to arraign Petitioner on the amended charges after the preliminary examination. Petitioner had adequate notice of the charges against him and was not denied the ability to answer them at trial.

Next, and contrary to Petitioner's argument, counsel did not ignore the victim's statements regarding whether she actually saw Petitioner on the date of the offense. Counsel cross-examined the victim whether she saw who shot the gun in front of her house at trial. Dkt. 9-4, at 119-122. Petitioner reads the victim's statement out of context. While the victim admitted she did not see who shot the gun in front of her house, she clearly indicated that she saw and interacted with Petitioner inside her house on the night in question. *Id.* at 94-99. It was after Petitioner's mother helped get Petitioner out of the house that the shooting occurred. *Id.* at 103-105. Moreover,

Petitioner was found in possession of .45 caliber handguns by an officer in the area who heard the shots being fired, and the casings found in front of the victim's house came from a .45 caliber weapon. Id. 147, 161-63. Petitioner's argument that his counsel should have asserted that the police coerced the victim's testimony in light of her prior statements is simply unfounded.

Petitioner next asserts that his counsel should have challenged the legal sufficiency of the evidence regarding the third-degree home invasion charge. Contrary to this allegation, however, the victim testified that on March 14, 2014, at approximately 11:30 p.m., she awoke to find Petitioner in her bedroom. She told him to leave and that he did not have permission to be in her home. Dkt. 9-4, at 94–95. She testified that Petitioner last lived in the home in October of 2013, that he did not have keys to the new locks, and that she was sure she had locked her doors before she put her children to bed. *Id.* at 95–96. She believed Petitioner gained access to her home by crawling through a window. *Id.* at 97. The victim had a personal protection order against Petitioner related to an incident occurring two days previously. *Id.* at 100–101. Petitioner also had signed a bond order that required him not to have contact with the victim. *Id.* at 133–34. Ample evidence supporting the third-degree home invasion charge was presented.

Petitioner claims his attorney should have moved for dismissal of a juror for cause who stated he knew a police officer involved in the case. Dkt. 9-4, at 70–72. The juror had attended high school with the officer. *Id.* at 71. The juror was not friends with the officer and was in a different class. *Id.* at 73. The juror had neither a positive nor negative impression of the officer, and he was just "like a regular person passing by on a daily basis." *Id.* at 74. No grounds for a good-cause challenge existed, and counsel was not ineffective for failing to challenge the juror. *Baze v. Parker*, 371 F. 3d 310, 318-22 (6th Cir. 2004).

Finally, Petitioner claims that his counsel failed to allow him to challenge inaccuracies in the sentencing information report. Counsel raised all of Petitioner's objections to the sentencing guidelines and information at the sentencing hearing. Dkt. 9-7, at 3–5. Petitioner made several complaints about his counsel's actions at sentencing, but he did not add anything regarding the sentencing information report or guidelines. *Id.* at 8–9. This claim is not supported by the factual record.

The state court adjudication of the Petitioner's ineffective assistance of counsel claim was reasonable.

## B.

Petitioner next asserts that his rights under the Due Process Clause were violated when the prosecutor repeatedly dismissed and then reissued the charges against Petitioner. The Michigan Court of Appeal denied relief with respect to this claim on the merits as follows:

> Next, defendant argues that reversal of his convictions is necessary because his due process rights were violated when the prosecution continued to issue, dismiss, and reissue the charges against him. We disagree.
>
> The second time the charges against defendant were issued, the prosecution sought an adjournment of the preliminary examination—not dismissal—for several reasons, most notably the absence of several necessary witnesses. Defendant objected to the adjournment, and thus the district court dismissed the case without prejudice.
>
> On that basis, defendant's instant claim of error merits no relief. Contrary to defendant's argument on appeal, the prosecution did not decide to dismiss the charges against him a second time. Rather, by objecting to the prosecution's requested adjournment, defendant caused the case to be dismissed. "[E]rror requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence[.]" *People v. Gonzalez*, 256 Mich. App. 212, 224 (2003), disapproval on other grounds 469 Mich. 966 (2003).

*Wharton*, 2016 WL 3571049, at *4.

Petitioner relies on two Supreme Court cases in support of his claim: *Klopfer v. North Carolina*, 386 U.S. 213, 226-27 (1967), and *United States v. MacDonald*, 456 U.S. 1, 8 (1982). In *MacDonald*, the Supreme Court stated in dicta that "the Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges." 456 U.S. at 7. The Court did not create a rule by which a defendant might bar a prosecution where charges against him were repeatedly dismissed and reissued. Nor did *Klopfer* create such a rule. At issue in that case was an unusual state procedure by which a prosecutor was permitted to indefinitely "suspend" criminal proceedings and then reactivate them at any subsequent date without court order. 386 U.S. at 214.

Nothing of the sort happened in Petitioner's case. Petitioner was originally arraigned on March 14, 2014. Charges were dismissed and reissued in relatively quick succession on October 10, 2014, October 22, 2014, and November 6, 2014. Dkt. 9-9, Brief on Appeal, at 3. One of the dismissals was the result of Petitioner objecting to the adjournment of his preliminary examination, and the reason for the other dismissals does not appear in the record. In any event, Petitioner's trial began on March 3, 2015, within one year of the initial charges. Petitioner does not indicate how he was prejudiced by the successive dismissals.

Nor is there any record indication of vindictiveness motivating the dismissals. A criminal defendant may prove prosecutorial vindictiveness by one of two methods. First, a defendant may demonstrate "actual vindictiveness" by establishing "through objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001) (citing *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987) (citing *United States v. Goodwin*, 457 U.S. 368, 380-81, 384 & n.19 (1982)). That showing, however, is "exceedingly difficult to make." *Id.* (quoting *Meye*r, 810 F.2d at 1245). Second, a defendant may show that there existed a "'realistic likelihood of vindictiveness'" in the

prosecutor's actions in the defendant's particular case. *Id*. (quoting *United States v. Andrews*, 633 F.2d 449, 453 (6th Cir. 1980)). "A court may only presume an improper vindictive motive when a reasonable likelihood of vindictiveness exists." *Id*. (citing *Goodwin*, 457 U.S. at 373). A habeas petitioner must show that (1) the prosecutor had "some 'stake' in deterring the petitioner's exercise of his rights, and (2) the prosecutor's conduct was somehow 'unreasonable.'" *Id*. at 482 (quoting *United States v. Anderson*, 923 F.2d 450, 453-54 (6th Cir.1991)).

The petitioner here has not shown unconstitutional conduct by the prosecutor under either theory. He states only that the prosecutor repeatedly dismissed and reissued charges. He does not show how or why this was done as the result of Petitioner's exercising his rights or based on some vindictive motive. The Michigan Court of Appeals reasonably rejected this claim.

## C.

Petitioner next asserts that he was arrested without a warrant or probable cause in violation of the Fourth Amendment. The Michigan Court of Appeals rejected this claim on the merits. *Wharton*, 2016 WL 3571049, at *4. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). "Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). Petitioner makes no allegations that presentation of his Fourth Amendment claim was frustrated by a failure of the state court procedures for presentation of that claim. The claim is therefore without merit.

**D.**

Petitioner asserts that the state district court failed to arraign him during the preliminary examination held on January 15, 2015, for the added charges of third-degree home invasion, possession of a firearm by a felon, and commission of a felony with a firearm. "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir. 1988). Any alleged deficiency in the charging documents or procedures used by a state court do not raise constitutional concerns unless a habeas petitioner can establish that: (1) he did not receive adequate notice of the charges; and (2) he was therefore denied the opportunity to defend himself against the charges. *See Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002). Petitioner does not contend that he lacked actual notice of the charges or that he was denied the opportunity to defend himself as the result of the alleged failure to arraign him on the amended charges. This claim is without merit.

**E.**

Petitioner moves the Court for an order compelling the Michigan Department of Corrections to transfer him to another facility with an adequate law library. The motion will be denied as moot because the habeas petition is being denied.

**IV.**

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve

encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to any of his claims because they are all devoid of merit. Therefore, a certificate of appealability will be denied. Permission to appeal in forma pauperis will also be denied because an appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED with prejudice.**

It is further **ORDERED** that a certificate of appealability is **DENIED** and leave to appeal in forma pauperis is **DENIED**.

It is further **ORDERED** that the motion for immediate transfer, ECF No. 12, is **DENIED**.

                                   s/Thomas L. Ludington
                                   THOMAS L. LUDINGTON
                                   United States District Judge

Dated: March 19, 2019

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Joseph Alan Wharton** #428199, EARNEST C. BROOKS CORRECTIONAL FACILITY, 2500 S. SHERIDAN DRIVE, MUSKEGON HEIGHTS, MI 49444 by first class U.S. mail on March 19, 2019.

                    s/Kelly Winslow
                    KELLY WINSLOW, Case Manager